IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANG LIU, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL CHERTOFF,<br><br>　　　　Defendant. | No. C 07-00734 CRB<br><br>**ORDER DENYING MOTION TO DISMISS** |

　　　The motion now pending before the Court presents a question of law that is unsettled in the Ninth Circuit: does a federal court have jurisdiction to adjudicate a lawsuit that seeks a writ of mandamus to compel the United States Citizenship and Immigration Service ("USCIS") to adjudicate a pending petition for adjustment of status?

　　　Federal courts have reached different conclusions on this question. Compare Grinburg v. Swacina, 478 F.Supp.2d 1350, 1352 (S.D. Fla. 2007) (holding that a federal court "lacks jurisdiction" to review the "pace" at which the executive branch reviews an application for adjustment of status); Safadi v. Howard, 466 F.Supp.2d 696, 698 (E.D. Va. 2006) (same); and Zheng v. Reno, 166 F.Supp.2d 875, 880-81 (S.D.N.Y. 2001) (same), with Yu v. Brown, 36 F.Supp.2d 922, 932 (D.N.M. 1999) (holding that a federal court "does have subject matter jurisdiction" to compel the adjudication of an application for adjustment

//

of status "within a reasonable time"); Kim v. Ashcroft, 340 F.Supp.2d 384, 389 (S.D.N.Y. 2004); and Paunescu v. INS, 76 F.Supp.2d 896, 901 (N.D. Ill. 1999) (same).

The parties both recognize that courts in the Northern District of California have generally agreed that jurisdiction exists. See, e.g., Singh v. Still, 470 F.Supp.2d 1064, 1067-68 & n.6 (N.D. Cal. 2006); see also Reply at 4 (citing Razaq v. Poulos, 2007 WL 61884, at *4 (N.D. Cal. Jan. 8, 2007) (unpublished decision); and Aboushaban v. Mueller, 2006 WL 3041086, at *2 (N.D. Cal. Oct. 24, 2006) (unpublished decision)); Opposition at 5 (citing Quan v. Chertoff, No. C-06-7881-SC (N.D. Cal. June 6, 2007) (unpublished decision); Zhu v. Chertoff, No. C-06-7642-RMW (N.D. Cal. Apr. 18, 2007) (unpublished decision); and Chen v. Chertoff, No. C-06-7927-RMW (N.D. Cal. Apr. 18, 2007) (unpublished decision)).

This Court agrees that federal law establishes a non-discretionary duty for the USCIS to *adjudicate* a petition for adjustment of status. 8 U.S.C. § 1255(a). This Court also agrees that federal law establishes a non-discretionary duty to complete the adjudication of such petitions "within a reasonable time." 5 U.S.C. § 555(b). Cf. 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application."). The Court further agrees that the government's duty to adjudicate the pending petitions within a reasonable timeframe is mandatory and non-discretionary, notwithstanding the absence of a statutory timetable. To hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law. Accordingly, the Court concludes (1) that Plaintiffs' claims are clear and certain; (2) that the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) that no other adequate remedy is available. Singh v. Still, 470 F.Supp.2d at 1067 (quoting Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)). For these reasons, the Court finds that Plaintiff has stated a claim for which this Court can grant mandamus relief, and the government's motion to dismiss for lack of jurisdiction is DENIED.

//

//

Plaintiffs' motion for summary judgment has already been filed. Defendant filed its opposition on July 11, 2007. The Court orders Plaintiffs to file their reply in support of the motion not later than August 3, 2007. The hearing on the motion for summary judgment shall occur on Friday, August 17, at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: July 23, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE